**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN MACKEY** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 23-519 |
| | : | |
| **CHIPOTLE MEXICAN GRILL OF COLORADO, LLC** | : | |
| | : | |
| | : | |

**McHUGH, J.**                                                                                                         **October 16, 2024**

**MEMORANDUM**

This is a premises liability action where Plaintiff John Mackey moves to preclude any introduction of his history of alcohol consumption as irrelevant and prejudicial. Defendant Chipotle contends that Mackey's consumption is relevant to his projected life expectancy, and that it provides an explanation for a subsequent fall unrelated to Mackey's physical limitations. In weighing the probative value against prejudicial impact as required by Federal Rule of Evidence 403, I conclude that Plaintiff's history is admissible as to life expectancy but inadmissible for any other purpose.

**I.      Analysis**

   **A.  Plaintiff's Alcohol Consumption Is Admissible For Purposes Of Life Expectancy**

Evidence about alcohol must be approached with great care.  Significantly for purposes of this case, Mr. Mackey's alcohol consumption is not an isolated occurrence, but a recurrent issue that has been well documented by his doctors in medical records.  Cooper University Hospital medical records from Plaintiff's January 2023 hospitalization refer numerous times to Mackey's

alcohol consumption.[1] The Gastroenterology Consult records from that hospitalization noted that Mackey drinks five Miller Lites a day. Cooper Records at 107. The Critical Care Medicine Initial Consult documented that Mr. Mackey drinks 6-12 beers daily and states that he has "etoh [alcohol] use disorder (daily drinker)." *Id*. at 108. The Neurology Initial Consult also noted that Mackey suffers from "alcohol abuse" and mentioned Mackey's significant daily drinking. *Id.* at 117-118. The same neurologist wrote that Mackey was "admitted to medicine given history of alcohol abuse," indicating that doctors were making specific care decisions because of Mackey's alcohol abuse. *Id*. at 129. In March 2023, long after Mackey's discharge, Jefferson Health at Home by Bayada Health Care listed Mackey's "[a]lcohol abuse" as a risk for hospital readmission. Def.'s Res. to Mot. Ex. E (ECF 30-6).

Other medical records show that Mackey's significant alcohol consumption has existed for years. In 2019, physicians at the Fox Chase Medical Center wrote that Mackey "drinks upwards of 5-6 beers daily," Def.'s Res. to Mot. Ex. B at 1 (ECF 30-3), and elsewhere noted that Mackey "admitted to consuming large amounts of alcohol." *Id.* Ex. D (ECF 30-5). Additionally, in March 2022, Mackey had an appointment at the Advanced Orthopaedic Center for shoulder pain. Their records noted that Mackey drinks over four times a week. *Id.* Ex. C (ECF 30-4).

Reviewing these records spanning four years across five different medical institutions, it is evident that Mr. Mackey's alcohol consumption is a long-established and well-documented behavior that many doctors believe rises to the level of alcohol abuse. Mackey's medical records indicate that various health care providers view this alcohol use as a health risk factor. As such,

---

[1] This multi-day hospitalization occurred after Mackey's second and third falls and included consultations with several doctors and departments.

this information is highly probative of Mr. Mackey's long-term health care costs and life expectancy.[2] That is particularly so because the Life Care Plan that Plaintiff intends to use to establish damages is based on an assumption that Mr. Mackey's life expectancy is 85 years. Pl.'s Pretrial Mem., App. C at 10 (ECF 20-4).[3] According to the report, Mr. Mackey's annual cost of care is $353,559, totaling over $4.2 million when assuming an 85-year life expectancy. *Id.* at 13. As a statistical average based on a National Vital Statistics Report, it does not account for any of Mr. Mackey's conditions that may impact life expectancy, including alcohol use. *Id*. at 1.

Because life expectancy is the single most critical determinant of the estimated damages, factors that may influence it are highly relevant under both Federal and New Jersey Rules of Evidence.[4] Relevant evidence may still be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice," and alcohol consumption can create a risk of unfair prejudice.[5] But as part of the analysis I must also consider prejudice to the Defendant if Plaintiff is permitted to rely on statistical averages when there is strong evidence that the average should not apply. I conclude that the prejudicial impact of Mackey's alcohol consumption does not

---

[2] Courts in this circuit have regularly admitted evidence of alcohol consumption for assessing a plaintiff's life expectancy to calculate damages, even without associated expert testimony. *See, e.g., Gfroehrer v. Calice*, 2011 WL 5320712 (M.D. Pa. 2011); *Miller v. Consolidated Rail Corp.*, 1999 WL 89668 (E.D. Pa. 1999) (admitting evidence of plaintiff's alcohol consumption for life expectancy and calculation of damages); *Smith v. Southland Corp.,* 738 F.Supp. 923 (E.D. Pa. 1990) (same).

[3] Mr. Mackey is currently 74 years old.

[4] *See* Fed. R. Evid. 401; N.J. R. Evid. 401. Parties point out that there is ambiguity in the Third Circuit as to whether state or federal law applies when assessing admissibility of evidence related to alcohol consumption. *Compare Rovegno v. Geppert Bros., Inc*., 677 F.2d 327, 329 (3d Cir. 1982) *with Forrest v. Beloit Corp*., 424 F.3d 344, 354 (3d Cir. 2005). I need not reach this question because the result is the same under both the New Jersey and Federal rules.

[5] *See* Fed. R. Evid. 403; N.J. R. Evid. 403.

substantially outweigh the highly probative value it has on Mr. Mackey's life expectancy and damages. Therefore, evidence of Mackey's alcohol consumption may be introduced for determining life expectancy, but with a cautionary instruction designed to limit prejudice.[6]

### B. Plaintiff's Alcohol Consumption Is Not Admissible As To His Falls

As to Mr. Mackey's three falls, the calculus shifts the other way. There is no reliable indication that Mr. Mackey's alcohol consumption was a contributing factor to any of the three falls at issue. As to the falls involved here, nothing in the record suggests that Mackey was intoxicated at the time of his January 11, 2021 fall at the Chipotle. Mackey specifically denies drinking alcohol that evening. Mackey Dep. 50:10-12. Mackey does admit that he had two beers at the VFW meeting prior to his fall on January 5, 2023, but there is nothing to suggest that these two beers caused his fall that day or his subsequent fall on January 6. *Id.* at 32:21-33:21. The record refers primarily to Mackey's broader drinking patterns, which are not specifically probative of whether Mackey was intoxicated during any of the three falls at issue. In sum, because there is insufficient evidence to demonstrate that Mackey was intoxicated during any of his falls, and because of the risk of prejudice, the jury will be instructed that it may not consider alcohol use as a cause of his falls.

### II.  Conclusion

For the reasons set forth above, Plaintiff's Motion in Limine to preclude Mackey's alcohol consumption (ECF 21) will be **GRANTED in part** and **DENIED in part**.  Defendant may not

---

[6] Requiring limiting instructions is a common solution when the evidence in question is highly probative but has a risk of unfair prejudice. *See, e.g., Fife v. Bailey*, 2016 WL 1404202 (M.D. Pa. 2016) (admitting evidence of substance use for the purpose of damages and including a limiting instruction).

argue that any of Plaintiff's falls were the result of intoxication, but may introduce evidence of Plaintiff's history of alcohol use as probative of life expectancy. An appropriate order follows.

                                                          /s/ Gerald Austin McHugh
                                                     United States District Judge