IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MACKEY | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-519 |
| | : | |
| CHIPOTLE MEXICAN GRILL OF COLORADO, LLC | : | |
| | : | |

**ORDER**

This 16th day of October, 2024, it is hereby **ORDERED** as follows:

1) Defendant's motions to preclude Plaintiff's life care planner and economist, ECF 19 and 28, are **DENIED**, as Defendant has had sufficient time within which to prepare for their testimony, and preclusion is a drastic remedy that should be employed only in exceptional circumstances.

2) Defendant's motion to preclude Plaintiff from introducing a video of a wheelchair transfer, ECF 27, is deferred, pending the evidence at trial. Counsel shall submit a copy of the video in a playable format for the Court's review.

3) Defendant's motion to preclude evidence of the subsequent replacement of the railing, ECF 25, is **GRANTED**. The record is clear that an enclosure was part of Chipotle's design of the premises before this incident, and that replacement of the railing was contemplated before this incident, with the result that there is no relationship between Plaintiff's fall and the later repair. Plaintiff is not, however, precluded from arguing that it was unnecessary to rope-off the opening pending replacement of the rail.

4) Plaintiff's motion to preclude reference to Dr. Cooper's need to care for his ailing wife, ECF 22, is **GRANTED in part**. Dr. Cooper may not make any reference to his

wife or her condition, but may state that he left clinical practice "because of family responsibilities."

5) Plaintiff's motions to preclude witnesses or documents not produced in discovery, ECF 23 and 24, are **DENIED without prejudice** to resubmission at trial.

6) Plaintiff's motion to preclude reference to alcohol use is **GRANTED in part** for the reasons set forth in the accompanying memorandum.  Defendant may not argue that any of Plaintiff's falls were the result of intoxication, but may introduce evidence of Plaintiff's history of alcohol use as probative of life expectancy.

       /s/ Gerald Austin McHugh
      United States District Judge